IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| : | |
| v. : | NO.  05-605 |
| : | |
| ALPHONSO WILLARD : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                          **January 30,  2023**

On April 18, 2022, Defendant Alphonso Willard filed a pro se Motion for Compassionate Release pursuant to Title 18 U.S.C. § 3582(c)(1)(A). The Government opposes Willard's motion, and because Willard fails to raise any grounds which merit relief, his motion shall be denied.

**FACTUAL BACKGROUND**

In March 2006, Willard pled guilty to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and one count of using a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). These charges arose out of two armed bank robberies in April and August of 2005, which took place in Exton and Southampton, Pennsylvania.  In both robberies, Willard approached a bank employee in the parking lot, threatened them with a revolver, and forced them to open the bank's vault before handcuffing them to the vault door and leaving with $47,000 and $125,000, respectively.

After pleading guilty to both bank robbery charges and one § 924(c) count related to the August offense, Willard was sentenced to 188 months on the § 2113(d) offenses and to a consecutive term of 300 months on the § 924(c) charge.

**DISCUSSION**

1

In filing this motion under 18 U.S.C. § 3582(c)(1)(A), Willard seeks to invoke an exception to the general rule that a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. U.S.*, 560 U.S. 817, 819 (2010). *See also* 18 U.S.C. § 3582(c). Under § 3582(c)(1)(A),

> in any case the court, upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction," … "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

Willard bases his motion on four grounds. First, he asserts he was sentenced more harshly to a 488-month sentence because he refused the government's offered plea agreement of a 188-month sentence in exchange for his cooperation. Def.'s Mot. Comp. Rel., 6-10, ECF No. 74. Second, he challenges the 300-month minimum sentence under § 924(c) by arguing that his prior § 924(c) conviction (in 1995) was invalid. *Id.* at 10-15. Third, Willard claims his rehabilitation efforts have been "extraordinary," as evidenced by his completion of many rehabilitation programs and he thus satisfies § 3582 (c)(1)(A)(i). *Id.* at 15-17. Finally, Willard contends that his age and health, along with the threat posed by COVID-19 in his prison, present a compelling reason to reduce his sentence. *Id.* at 18-21. Each of these arguments shall be considered and addressed *seriatim.*

Willard first attacks the concept of plea bargains wholesale, arguing there are numerous deficiencies in the practice and that his 488-month sentence was punishment for declining the government's offer of a fifteen-year sentence in exchange for his cooperation. *Id.* at 6-7. This is not a basis for compassionate relief.

The Third Circuit has made clear that the duration of a lawful sentence cannot be the grounds for compassionate relief. In *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), the defendant challenged a 312-year term of imprisonment resulting from stacked sentences which were properly imposed at the time of sentencing but which would not have been proper following subsequent amendments to the mandatory minimum sentences under § 924(c). *Andrews*, 12 F.4th at 257. Andrews argued that the sentencing changes constituted "extraordinary and compelling" reasons justifying early release. *Id.* at 258. The Third Circuit's response to this argument was definitive:

> The duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance. There is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute. . . . Indeed the imposition of a sentence that was not only permissible but statutorily required at the time is neither an extraordinary nor a compelling reason to now reduce that same sentence. … Moreover, considering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties. . . The nonretroactive changes to the § 924(c) mandatory minimums also cannot be a basis for compassionate release. In passing the First Step Act, Congress specifically decided that the changes to the § 924(c) mandatory minimums would not apply to people who had already been sentenced. . . . That is conventional: 'In federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced.' *Dorsey v. United States*, 567 U.S. 260, 280 (2012).

*Id.* at 260-61 (other internal citations omitted).

Neither is an asserted "non-cooperation penalty" a compelling reason to reduce a sentence. Willard likens his situation to that of a "trial penalty," whereby his longer sentence resulted from his rejection of an offered plea bargain. Def.s Mot. Comp. Rel., 9, ECF No. 74. However, defendants have no guarantee to receive a plea bargain to their liking, or to receive a plea bargain at all, and a "so-called 'trial penalty' is not an extraordinary and compelling reason to reduce a defendant's sentence." *United States v. Sainsbury*, No. 07-cr-165-2, 2022 WL 179125, at *6 (E.D.

Pa. Jan. 20, 2022) (citing *Lafler v. Cooper*, 566 U.S. 156, 168 (2012)). Hence, Willard's rights were not violated when he did not receive the plea bargain he wanted. Because his sentence fell within the statutory guideline range when imposed, and *Andrews* is binding on this court, Willard's first ground for relief is meritless.

Willard next challenges the validity of his previous § 924(c) conviction. Def.s Mot. Comp. Rel., 10-11, ECF No. 74. Specifically, Willard contends attempted bank robbery is not a "crime of violence" under § 924(c) and his previous conviction was therefore invalid, and the mandatory minimum sentence imposed was improperly high. *Id.* at 11. Willard is thus attempting to challenge his previous sentence. This is impermissible under 18 U.S.C. § 3582(c)(1)(A). *United States v. Rodriguez*, No. 11-cr-251-1, 2021 WL 601510, at *7 (E.D. Pa. Feb. 16, 2021) ("An argument that a sentence was improperly calculated and unlawful must be raised on a habeas motion. A defendant cannot circumvent the habeas restrictions by labeling his habeas motion as a motion for compassionate release."); *United States v. Albanese*, No. 97-cr-359, 2021 WL 2400762, *3 (E.D. Pa. June 11, 2021) ("Convictions and sentences can be challenged on direct appeal or in the habeas forum, but not in a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A).").

Willard's third contention is that 18 U.S.C. § 3582(c)(1)(A)(ii) ought to be construed according to its common meaning and his rehabilitation efforts recognized as "extraordinary" when taken into consideration with the factors listed in 18 U.S.C. § 3553(a). Def.s Mot. Comp. Rel., 16-17, ECF No. 74. Willard also claims the rehabilitative efforts he made prior to enactment of the First Step Act should be given more weight. *Id.* While Willard's pursuit of educational and vocational opportunities is commendable, it does not form the ground for compassionate release.

18 U.S.C. § 3582(c) allows a Court to grant a sentence reduction after considering the factors set forth in 18 U.S.C. §3553(a). The Sentencing Commission Policy Statement for §

3582(c)(1)(A) contained in the Commentary to U.S.S.G. § 1B1.13 contains several examples of what may constitute extraordinary and compelling reasons for release. While the Policy Statement is not binding on the courts, it still "sheds light on the meaning of extraordinary and compelling reasons" and is properly considered. *Andrews*, 12 F.4th at 260. The Statement's examples of extraordinary and compelling reasons include terminal illness, a serious physical or medical condition, serious functional or cognitive impairment, and deteriorating physical or mental health due to aging that substantially diminished the defendant's ability to care for himself within the prison environment. U.S.S.G. § 1B1.13, cmt.n.1(A).

Willard has none of the foregoing conditions. Although he has participated in numerous vocational and educational programs and physical activities during his incarceration, rehabilitation of the defendant alone does not constitute an extraordinary or compelling reason for release under 18 U.S.C. § 3582(c). *Id.*

Finally, Willard contends he warrants compassionate release because of the threat COVID-19 poses to his health given his age and pre-existing hypertensive health condition.  Willard is 58 years old and, although he claims to suffer from hypertension, there is no evidence of this diagnosis in his prison health records.  Rather, Willard appears to be in good health with his existing health conditions (diabetes, hyperlipidemia and anemia) well managed in the prison setting with medication and frequent check-ups. Willard has also received his COVID vaccine and booster and resides in an institution with no COVID-related deaths.[1]

---

[1] Willard is held at FCI Beaumont Medium (Texas). At present, there are no reported positive cases at the institution, in a population of 1,569. There has not been a COVID-related death at the institution.  *BOP COVID-19 Statistics,* FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/covid19_statistics.html.

As this Court has previously recognized, "COVID-19 poses a unique challenge to the prison system." *United States v.* Nunez, 483 F. Supp. 3d 280, 283 (E.D. Pa. 2020). Courts faced with precisely this issue have time and again held that vaccinated status mitigates the dangers posed to prisoners with pre-existing health conditions and have denied compassionate release to inmates at far greater risk than Willard. *See e.g., United States v. Lopez-Batista*, No. 16-cr-358, ECF No. 94 (E.D. Pa. Aug. 23, 2021) (diabetes and obesity do not warrant release in light of vaccination). *United States v. Hannigan*, No. 19-cr-373, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022) ("District Courts in the Third Circuit consistently agree that an FDA-approved vaccination against COVID-19 lessens the risk of serious illness or death from COVID-19 such that the threat of the pandemic, even combined with pre-existing medical conditions, does not constitute an extraordinary and compelling reason for compassionate release.").

In addition, the Court must address the factors to be considered in imposing a sentence under 18 U.S.C. § 3553(a). Of particular relevance here are the nature and circumstances of the offense and the characteristics of the defendant. § 3553(a)(1). As noted, Willard was convicted of two armed bank robberies committed only months after his release from a decade spent in federal prison for attempted bank robbery. In each case, Willard brandished his weapon to intimidate and terrorize bank employees and then physically assaulted them by handcuffing them to the bank vault doors. The nature of this criminal conduct and recidivist behavior demonstrates that Willard poses great danger to the public which was and remains worthy of a significant term of imprisonment. The sentence which was imposed was intended to reflect the serious and dangerous nature of Willard's offenses, to protect the public from Willard's commission of further crimes, and to deter others from committing such offenses as well. In fact, if Willard were to be sentenced

6

today, the Court finds he could expect to receive a comparable sentence.[2] The Court finds no reason to disturb Willard's sentence and, in the exercise of its discretion, hereby denies his motion.

An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sanchez
_____
Juan R. Sanchez,   C.J.

---

[2] The government agreed to dismiss the second § 924(c) count which spared Willard an additional mandatory 300-month term. Thus, even if the 1995 § 924(c) conviction was improper, a comparable sentence would still have been imposed in this case.